

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
July 21, 2017 13:41

By: MATTHEW ABENS 0075308

Confirmation Nbr. 1125486

| | |
|---|---|
| KEITH BAISDEN | CV 17 883359 |
| vs. | |
| ATLAS AUTOMOTIVE, INC., ET AL. | **Judge:** NANCY MARGARET RUSSO |

Pages Filed: 10



## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO
## GENERAL DIVISION

| | |
|---|---|
| Keith Baisden, <br> 14014 Highland View Ave. <br> Cleveland, OH 44135 <br><br> Plaintiff, <br><br> v. <br><br> Atlas Automotive, Inc., <br> c/o Richard Bogdan, Statutory Agent <br> 4529 W.130th St. <br> Cleveland, OH 44135 <br><br> and <br><br> Richard Bogdan, <br> 4451 Sir Richard Dr. <br> North Royalton, OH 44133 <br><br> and <br><br> Irene Bogdan Kazimour, <br> 1478 Stony Hill Dr. <br> Hinckley, OH 44233 <br><br> Defendants. | CASE NO.: <br><br> Judge <br><br> **COMPLAINT** <br><br> **Jury Demand Endorsed Hereon** |

## PARTIES

1. Plaintiff Keith Baisden is an Ohio resident with an address of 14014 Highland View Ave., Cleveland, OH 44135.

2. Atlas Automotive, Inc., is an Ohio for-profit corporation doing business at 4529 W.130th St., Cleveland, OH 44135.

3. Richard Bogdan is an individual presently residing, upon information and belief, at 4451 Sir Richard Dr., North Royalton, OH 44133.

4. Irene Bogdan Kazimour is an individual presently residing, upon information and belief, at 1478 Stony Hill Dr., Hinckley, OH 44233.

## JURISDICTION AND VENUE

5. The facts giving rise to this Complaint occurred in Cleveland, Ohio, county of Cuyahoga, thereby making jurisdiction and venue proper in this Court.

## GENERAL ALLEGATIONS

6. At all relevant times described herein, Atlas Automotive was an employer within the meaning of 29 U.S.C. 203; Article II, §34a of the Ohio Constitution; Chapters 4111 and 4113 of the Ohio Revised Code, and the common law of the State of Ohio; and was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203.

7. Upon information and belief, at all relevant times described herein, Defendant Richard Bogdan was and is a principal, member, owner, manager, and/or executive of Atlas Automotive; had substantial responsibility and control over its operations; acted in the interest of Atlas Automotive with respect to Plaintiff; and was an employer of Plaintiff within the meaning of 29 U.S.C. 203, Article II, §34a of the Ohio Constitution, Chapters 4111 and 4113 of the Ohio Revised Code, and the common law of the State of Ohio.

8. Upon information and belief, at all relevant times described herein, Defendant Irene Bogdan Kazimour was and is a principal, member, owner, manager, and/or executive of Atlas Automotive; had substantial responsibility and control over its operations; acted in the interest of Atlas Automotive with respect to Plaintiff; and was an employer of Plaintiff within the meaning of 29 U.S.C. 203, Article II, §34a of the Ohio Constitution, Chapters 4111 and 4113 of the Ohio Revised Code, and the common law of the State of Ohio.

9. Upon information and belief, Defendants have employed Plaintiff for the last three years as a tow truck driver.

10. Plaintiff's paystubs do not have Atlas Automotive's name on them as the paystubs actually do not contain the name of any employer.

11. Defendants agreed to pay Plaintiff wages of $12.00 per hour for each hour Plaintiff worked.

12. The parties further agreed that Defendants would also pay Plaintiff time-and-a-half for each hour of overtime Plaintiff worked.

13. For example, throughout 2016, Defendants failed to fully compensate Plaintiff for wages to which he is entitled.

14. Upon information and belief, Plaintiff is entitled to more than $9,000.00 of earned, unpaid wages, which includes unpaid overtime.

15. Upon information and belief, Defendants destroy employee time records each week after wages are paid to employees.

16. During Plaintiff's employ with Defendants, he has been subjected to intense harassment as a result of Plaintiff's sexual orientation.

17. Richard Bogdan and Irene Bogdan Kazimour ("the Bogdan Defendants") have consistently referred to Plaintiff as "Peaches," which is a synonym or code word for an offensive homosexual slur.

18. Despite never having any improper contact with customers nor any proclivity to do so, the Bogdan Defendants have repeatedly told Plaintiff not to have oral sex with customers solely due to Plaintiff's sexual orientation.

19. The Bogdan Defendants routinely and improperly inquire into Plaintiff's sex life.

3

20. The Bogdan Defendants have also falsely accused Plaintiff, solely because of his sexual orientation, of having sexual relationships with UPS drivers.

21. In early May 2017, Plaintiff was discharged from the hospital after a bout of pneumonia.

22. The recommendation after discharge was for Plaintiff to return to work with light duty.

23. Upon his return to work, Irene Bogdan Kazimour demanded that Plaintiff provide her with his discharge documents.

24. Plaintiff's discharge documents detailed various medications Plaintiff was taking.

25. Upon receipt of Plaintiff's health records, Irene Bogdan Kazimour researched the medications Plaintiff was taking.

26. From her internet research, Irene Bogdan Kazimour was able to deduce that Plaintiff has a life-threatening medical condition.

27. After learning that Plaintiff has this very serious medical condition, Irene Bogdan Kazimour began disclosing Plaintiff's status to other employees of Atlas Automotive in order to humiliate Plaintiff.

## COUNT I
## VIOLATION OF R.C. 4113.15

28. Plaintiff repeats and allege paragraphs 1-27 as though fully set forth herein.

29. Pursuant to R.C. 4113.15(A), every individual and/or corporation doing business in Ohio shall pay an employee all wages the employee earns.

30. As a corporation licensed under Ohio law, Defendant Atlas Automotive is subject to the requirements set forth in R.C. 4113.15(A).

31. As individuals doing business in the state of Ohio, the Bogdan Defendants are subject to the requirements set forth in R.C. 4113.15(A).

4

32. As Defendants' employee, Plaintiff is entitled under R.C. 4113.15(A) for payment from Defendants of all wages owed to him.

33. Plaintiff has made due demand of Defendants for wages Plaintiff has earned.

34. No bona fide and legally cognizable dispute exists accounting for Defendants' failure to timely pay Plaintiff the wages due.

35. Plaintiff has suffered damages in the form of loss wages as a direct and proximate result of Defendants' refusal to pay Plaintiff pursuant to R.C. 4113.15(A).

## COUNT II
## OVERTIME VIOLATIONS – VIOLATIONS OF FLSA & R.C. 4111.03

36. Plaintiff repeats and allege paragraphs 1-35 as though fully set forth herein.

37. On many occasions, Plaintiff worked in excess of 40 hours per week.

38. The FLSA and R.C. 4111.03 requires employers to pay employees for overtime hours worked, i.e., hours worked beyond 40 hours per week, at the rate of one and one-half (1.5) times their regular hourly rate.

39. Defendants willfully failed to pay Plaintiff overtime compensation as required under the FLSA and R.C. 4111.03.

40. Plaintiff has suffered damages in the form of loss wages as a direct and proximate result of Defendants' failure to pay Plaintiff overtime wages pursuant to the FSLA and R.C. 4111.03.

## COUNT III
## BREACH OF CONTRACT

41. Plaintiff repeats and alleges paragraphs 1 through 40 as though fully set forth herein.

42. In entering into and continuing an employment relationship with Plaintiff, Defendants have agreed to pay Plaintiff $12.00 per hour for each hour worked and one and one half times Plaintiff's regular hourly wage for each hours worked in excess of 40 hours per work week.

5

43. In consideration of such agreement, Plaintiff agreed to and did perform valuable services for Atlas Automotive.

44. Atlas Automotive has breached the agreement by failing to pay Plaintiff for each hour Plaintiff has worked for Atlas Automotive.

45. As a direct and proximate result of Atlas Automotive's breach, Plaintiff has sustained damages.

## COUNT IV
## UNJUST ENRICHMENT

46. Plaintiff repeats and alleges paragraphs 1 through 45 as though fully set forth herein.

47. As Atlas Automotive's employee, Plaintiff has conferred substantial benefits to Atlas Automotive through the performance of Plaintiff's employment duties.

48. Defendants have been, and are, aware of the substantial benefits Plaintiff has conferred on Atlas Automotive.

49. Plaintiff has not been compensated for the benefits he has conferred on Atlas Automotive.

50. Atlas Automotive's retention of the benefits Plaintiff conferred renders it unjust and inequitable for Atlas Automotive to retain the benefits without tendering payment.

51. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has suffered monetary damages.

## COUNT V
## INVASION OF PRIVACY

52. Plaintiff repeats and alleges paragraphs 1 through 51 as though fully set forth herein.

53. Atlas Automotive, through Irene Bogdan Kazimour, received Plaintiff's confidential medical information.

6

54. Atlas Automotive and Irene Bogdan Kazimour made a public disclosure of that information.

55. Atlas Automotive's and Irene Bogdan Kazimour's public disclosure concerned facts of Plaintiff's private affairs.

56. The publicizing of Plaintiff's medical conditions is highly offensive and objectionable to reasonable persons.

57. Atlas Automotive and Irene Bogdan Kazimour intentionally disclosed this information.

58. Atlas Automotive's and Irene Bogdan Kazimour's public disclosure was not a matter of legitimate concern to the public.

59. As a direct and proximate case of Atlas Automotive's and Irene Bogdan Kazimour's invasion of Plaintiff's privacy, Plaintiff has sustained damages.

## COUNT VI
## VIOLATION OF R.C. 4112.02

60. Plaintiff repeats and alleges paragraphs 1 through 59 as though fully set forth herein.

61. R.C. 4112.02 prohibits employers from discriminating against employees in the terms and conditions of their employment on the basis of a disability.

62. The American with Disabilities Act precludes employers from disclosing confidential medical information.

63. Ohio courts look to the American with Disabilities Act in interpreting the anti-discrimination disability components of R.C. 4112.02.

64. Atlas Automotive, through Irene Bogdan, received Plaintiff's confidential medical information as a result of Irene Bogdan's request for Plaintiff's hospital discharge papers.

7

65. Upon receiving Plaintiff's medical records, Atlas Automotive, through Irene Bogdan, failed to treat those medical records confidentially and disclosed the information contained in those records.

66. As a direct and proximate case of Atlas Automotive's and Irene Bogdan's disclosure of Plaintiff's confidential medical information, Plaintiff has been discriminated against on the basis of a disability in violation of R.C. 4112.02.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff repeats and alleges paragraphs 1 through 66 as though fully set forth herein.

68. Defendants' intentional and reckless conduct towards Plaintiff has been extreme and outrageous.

69. Defendants' have purposely engaged in a pattern of egregious harassment.

70. The totality of Defendants' conduct towards Plaintiff has been extreme and outrageous.

71. Defendants' conduct went beyond mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

72. Defendants intended to cause Plaintiff severe and prolonged emotional distress, or at least should have known that the actions taken would result in such distress, as evidenced by Defendants continued harassment, discrimination and retaliation.

73. Defendants' extreme and outrageous intentional conduct towards Plaintiff has caused Plaintiff severe and debilitating emotional distress.

74. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants accordingly:

A.) <u>Count I – Violation of R.C. 4113.15:</u> The Court grants judgment against Defendants jointly and severally and in Plaintiff's favor for compensatory damages in an amount to be determined at trial, together with liquidated damages in the amount of the greater of 6% or $200.00 per violation, reasonable attorney fees at a rate to be determined, prejudgment and post-judgment interest at the statutory rate, costs, and other expenses incurred such that Plaintiff is made whole.

B.) <u>Count II – Violation of FSLA and R.C. 4111.03:</u> The Court grants judgment against Defendants jointly and severally and in Plaintiff's favor for compensatory damages in an amount to be determined at trial, together with liquidated damages in an equal amount, reasonable attorney fees at a rate to be determined, prejudgment and post-judgment interest at the statutory rate, costs, and other expenses incurred such that Plaintiff is made whole.

C.) <u>Count III – Breach of Contract:</u> The Court grants judgment against Atlas Automotive and in Plaintiff's favor for compensatory damages in an amount to be determined at trial, together with prejudgment and post-judgment interest at the statutory rate, costs, and other expenses incurred such that Plaintiff is made whole.

D.) <u>Count IV – Unjust Enrichment:</u> The Court grants judgment against Atlas Automotive and in Plaintiff's favor for compensatory damages in an amount to be determined at trial, together with prejudgment and post-judgment interest at the statutory rate, costs, and other expenses incurred such that Plaintiff is made whole.

E.) <u>Count V – Invasion of Privacy:</u> The Court grants judgment against Defendants Atlas Automotive and Irene Bogdan Kazimour, jointly and severally, and in Plaintiff's favor for compensatory damages in an amount to be determined at trial, together with punitive damages, reasonable attorney fees at a rate to be determined, prejudgment and post-judgment interest at the statutory rate, costs, and other expenses incurred such that Plaintiff is made whole.

F.) <u>Count VI – Violation of R.C. §4112.02(A)</u>: The Court grant judgment in Plaintiff favor and against Defendants jointly and severally in an amount to be determined at trial, together with punitive damages, prejudgment and post-judgment interest at the statutory rate, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole.

G.) <u>Count VII – Intentional Infliction of Emotional Distress</u>: The Court grant judgment in Plaintiff's favor and against Defendants jointly and severally in an amount to be determined at trial, together with punitive damages, prejudgment and post-judgment interest at the statutory rate, attorney fees, costs, and other expenses incurred such that Matthew is made whole.

H.) For any other relief that this Court deems just and appropriate.

### Jury Demand

Plaintiff hereby demands a trial by jury on all such triable causes of actions.

Respectfully submitted,

/s/ David L. Harvey III
DAVID L. HARVEY III (0080918)
MATTHEW B. ABENS (0075308)
JASON T. HARTZELL (0092458)
Harvey Abens Iosue Co., LPA
3404 Lorain Avenue
Cleveland, OH 44113
Phone: (216)651-0256
Fax: (216)651-1131
dvdharv@harvlaw.com
mbabens@harvlaw.com
jhartzell@harvlaw.com

10

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17883359 | D1 FX | 32824753 |

Rule 4 (B) Ohio

Rules of Civil Procedure

KEITH BAISDEN  **PLAINTIFF**
VS
ATLAS AUTOMOTIVE, INC., ET AL.  **DEFENDANT**

# SUMMONS

ATLAS AUTOMOTIVE, INC.
C/O RICHARD BOGDAN, STATUTORY AGENT
4529 W.130TH STREET
CLEVELAND OH 44135

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

**Plantiff's Attorney**

MATTHEW ABENS
3404 LORAIN AVENUE

CLEVELAND, OH 44113-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY MARGARET RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.


NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Jul 24, 2017 | By_____ |
| | Deputy |

COMPLAINT FILED  07/21/2017





July 28, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **787270230480**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | M.BOGDAN | **Delivery location:** | 4529 W 130TH ST CLEVELAND, OH 44135 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Jul 27, 2017 12:21 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 787270230480 | **Ship date:** | Jul 24, 2017 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
ATLAS AUTOMOTIVE, INC.
C/O RICHARD BOGDAN, STATUTORY AGENT
4529 W.130TH STREET
CLEVELAND, OH 44135 US

**Shipper:**
CCoC
1200 Ontario
Cleveland, OH 44113 US

**Reference** CV17883359
**Invoice number** 32824753

Thank you for choosing FedEx.

CV17883359 / 32824753 / ATLAS AUTOMOTIVE, INC. / 2017-7-28 05:20

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17883359 | D2 FX | 32824754 |

Rule 4 (B) Ohio

Rules of Civil Procedure

KEITH BAISDEN **PLAINTIFF**
VS
ATLAS AUTOMOTIVE, INC., ET AL. **DEFENDANT**

# SUMMONS

RICHARD BOGDAN
4451 SIR RICHARD DRIVE
NORTH ROYALTON OH 44133

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

MATTHEW ABENS
3404 LORAIN AVENUE

CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY MARGARET RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Jul 24, 2017 | By |
| | Deputy |

COMPLAINT FILED    07/21/2017

CMSN130

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17883359 | D3 FX | 32824755 |

Rule 4 (B) Ohio

Rules of Civil Procedure

KEITH BAISDEN
VS
ATLAS AUTOMOTIVE, INC., ET AL.

PLAINTIFF

DEFENDANT

# SUMMONS

IRENE BOGDAN KAZIMOUR
1478 STONY HILL DRIVE
HINCKLEY OH 44233

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

MATTHEW ABENS
3404 LORAIN AVENUE

CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY MARGARET RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas


By_____
Deputy



| DATE SENT |
|---|
| Jul 24, 2017 |

COMPLAINT FILED   07/21/2017



July 28, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **787270231821**.

### Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Residence |
| **Signed for by:** | A.BROWN | **Delivery location:** | 1478 STONY HILL RD HINCKLEY, OH 44233 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Jul 27, 2017 14:23 |
| **Special Handling:** | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



### Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 787270231821 | **Ship date:** | Jul 24, 2017 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
IRENE BOGDAN KAZIMOUR
1478 STONY HILL DRIVE
HINCKLEY, OH 44233 US

**Shipper:**
CCoC
1200 Ontario
Cleveland, OH 44113 US

**Reference** CV17883359
**Invoice number** 32824755

Thank you for choosing FedEx.

CV17883359 / 32824755 / BOGDAN KAZIMOUR/IRENE/ / 2017-7-28 05:20